**Phillip SANTIAGO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 1:95CV2769, 1:91CR307.**

United States District Court, N.D. Ohio.

Feb. 13, 1997.

Phillip Santiago, Bradford, PA, pro se.

**MEMORANDUM OPINION
AND ORDER**

ECONOMUS, District Judge.

This matter came before the Court for an Evidentiary Hearing on February 6, 1997 to determine if sufficient evidence exists to support a finding that Defendant's sentence should be enhanced pursuant to § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines.

## BACKGROUND

Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence in the wake of the Supreme Court's ruling in *Bailey v. U.S.,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (clarifying the "use or carry" element of 18 U.S.C. § 924(c)). On October 1, 1996, U.S. District Judge James G. Carr vacated the conviction and sentence and further ordered that the case be transferred to the Eastern Division of the District for further proceedings.

In light of the *Bailey* decision, the Government conceded that Defendant's conduct did not fall within the "use or carry" element of § 924(c) and that the sentence should have been vacated. However, the Government argues that Defendant should be resentenced in accordance with § 2D1.1(b)(1) of the United States Sentencing Guidelines. § 2D1.1(b)(1) provides for a two level increase for "possession" of a firearm. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). In response, Defendant argued, *inter alia,* that the Court lacked jurisdiction to consider the enhancement.

On December 23, 1996, the Court issued a Memorandum Opinion and Order (Dkt. # 248) finding that it had jurisdiction to determine whether or not Defendant's sentence should be enhanced pursuant to § 2D1.1(b)(1). The Court then scheduled the present hearing to determine if sufficient evidence exists to support the application of § 2D1.1(b)(1).

Based upon the evidence presented, the Court makes the following findings:

1. At the time of his arrest, Defendant resided at apartment 601A of Huatt Towers which is located at 1350 West Boulevard in Cleveland, Ohio.

2. Also residing at the apartment were Tracey Triplett and Rafael Torres.

3. On May 21, 1992, Rafael Torres also entered a guilty plea to a conspiracy charge involving narcotics.

4. A search of the apartment located at 1350 West Boulevard was conducted with Defendant's consent.

5. Officers conducting the search found cocaine, a .32 caliber handgun, paraphernalia, a scale, a black powder weapon and a safe which contained cocaine. The key to the safe was taken from a ring of keys Defendant had at the time of arrest. The .32 caliber handgun and the safe were found in the apartment's master bedroom. The remaining items were found throughout the residence.

 "To apply the enhancement under section 2D1.1(b)(1), the government must establish that (1) the defendant actually or constructively 'possessed' the weapon, and (2) such possession was during the commission of the offense." *U.S. v. Hill,* 79 F.3d 1477, 1485 (6th Cir.1996) citing *United States v. Sanchez,* 928 F.2d 1450, 1460 (6th Cir.1991). Constructive possession of the firearm is "ownership, or dominion, or control" over the firearm itself, "or dominion over the premises" where the firearm is located. *Id.* (citation omitted). Once the government establishes that the defendant possessed the weapon during the commission of the offense, a presumption arises that such possession was connected to the offense. *Id.* This presumption may be overcome if the defendant can show that it is clearly improbable that the weapon was connected to the offense. *Id.* (citation omitted).

 In the instant matter, the gun was found in the West Boulevard apartment where the Defendant resided. The police found the gun underneath the bed in the master bedroom along with a safe that contained cocaine. The key to the safe was taken from the Defendant's key ring. Thus, Defendant had access to the drugs in the bedroom where the gun was found. These facts are sufficient to raise the presumption that possession of the firearm was related to the underlying offense. Defendant offered no evidence to rebut this presumption. Consequently, the Court concludes that Defendant had constructive possession of the firearm at the time he committed the offense.[1]

1. The facts of this case are very similar to the facts in both *Hill* and *Sanchez, supra.* In *Hill,* the court found that the gun could be jointly possessed in a residence to which Hill had full access and where drugs were found. In *Sanchez,* the court found that the government had

Therefore, since the government carried its burden and Defendant failed to show that it was clearly improbable that the weapon was not connected to the offense, the Court finds that § 2D1.1(b)(1) is applicable.

### Conclusion

For the reasons stated above, the Court finds the two level enhancement provided for in § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines is applicable. This matter shall be set for resentencing on February 28, 1997.

**IT IS SO ORDERED.**

established constructive possession where the defendant had leased an apartment where police found a gun during a search revealing narcotics.